UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JAHNEE REED,   Case No. 20-40311
   Chapter 7
   Judge Thomas J. Tucker

       Debtor.
_____/

JAHNEE REED,

   Plaintiff,
v.   Adv. Pro. No. 20-4187

UNIVERSITY NEUROSURGICAL
ASSOCIATES, P.C.,

   Defendant.
_____/

**OPINION REGARDING SUMMARY JUDGMENT**

**I. Introduction**

In this adversary proceeding, the Plaintiff, Jahnee Reed (the "Debtor"), is the Debtor in a pending Chapter 7 bankruptcy case. Before the Debtor filed her bankruptcy case, her wages were garnished by a judgment creditor, Defendant University Neurosurgical Associates, P.C. (the "Defendant"). The Debtor filed this adversary proceeding in an effort to recover $2,056.69 in garnished funds that were received by the Defendant during the 90 days before the bankruptcy case was filed.

The Debtor's adversary complaint contained five counts. Counts I and II sought to avoid the garnishment transfers as preferential transfers, and to recover the garnished funds, based on 11 U.S.C. §§ 547(b), 522(h), 522(i) and 550(a). Count III sought the disallowance of any claim

the Defendant might file in the bankruptcy case, under 11 U.S.C. § 502(d). Count IV alleged a violation of the automatic stay, 11 U.S.C. § 362(a). In a second count labeled "Count IV" the Debtor alleged a claim of statutory and common law conversion under Michigan law.

Sixteen days after the Debtor filed this adversary proceeding, the Defendant returned the entire garnishment amount at issue, $2,056.69, to the Debtor. But the case remained pending. On November 2, 2020 the Court held a final pretrial conference, and entered a Final Pretrial Order (Docket # 25) which dismissed four of the five counts in Plaintiff's Complaint. The Order states, in part:

> *With the consent and agreement of Plaintiff, expressed by Plaintiff's counsel on the record during the final pretrial conference, IT IS ORDERED that the following counts of Plaintiff's Complaint (Docket # 1) are dismissed, with prejudice: Counts I, II, III, and the second Count IV (labelled "STATUTORY AND/OR COMMON LAW CONVERSION"). The first Count IV (labelled "AUTOMATIC STAY VIOLATION") remains pending.[1]*

For the reasons explained below, the Court now concludes that it should grant summary judgment against the Debtor on the one claim that remains pending — the first Count IV, alleging a violation of the automatic stay.

## II. Jurisdiction

This Court has subject matter jurisdiction over the Debtor's Chapter 7 bankruptcy case and over this adversary proceeding under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1), and L.R. 83.50(a) (E.D.Mich.). This is a core proceeding under, among other possible provisions, 28 U.S.C. §§ 157(b)(2)(F) and 157(b)(2)(O).

---

[1] Final Pretrial Order (Docket # 25) at pdf p. 3.

This proceeding also is "core" because it falls within the definition of a proceeding "arising under title 11" and of a proceeding "arising in" a case under title 11. *See* 28 U.S.C. § 1334(b). Matters falling within either of these categories in § 1334(b) are deemed to be core proceedings. *Allard v. Coenen (In re Trans-Industries, Inc.)*, 419 B.R. 21, 27 (Bankr. E.D. Mich. 2009). This is a proceeding "arising under title 11" because it is "created or determined by a statutory provision of title 11," including Bankruptcy Code § 362(a). *Id.* It is a proceeding "arising in" a case under title 11 because it is a proceeding that "by [its] very nature, could arise only in bankruptcy cases." *Id.*

### III. Relevant facts and procedural history

All the facts that the Court finds to be material are undisputed — the parties stipulated to them in the Final Pretrial Order:

> **Stipulation of Facts and Law.** (1) Plaintiff filed a Chapter 7 Bankruptcy on January 9, 2020. (2) In the ninety (90) days prior to Debtor's bankruptcy filing, Defendant garnished $2,056.69 from Plaintiff's wages for a prior debt Plaintiff owed to Defendant. (3) On January 26, 2020 Plaintiff's Attorney forwarded a letter to Creditor Attorney requesting Defendant to return the garnished funds. Plaintiff's Attorney contacted Defendant's Attorney again via email on February 24, 2020 for a status. (4) Plaintiff filed this Adversary Proceeding on April 6, 2020. (5) Plaintiff's Attorney received a check for $2,056.69 and cashed it on or around April 22, 2020. (6) Plaintiff has received all monies that were garnished by Defendant-Creditor in the 90 days prior to the petition date. (7) As of April 22, 2020, Defendant does not owe Plaintiff any money.[2]

During the final pretrial conference, the Court and counsel for the parties discussed the issues presented in this case. With respect to the remaining claim of a stay violation, the Court identified a potentially dispositive legal issue, and asked counsel for the parties if they agreed

---

[2] *Id.* at pdf p. 2.

3

that the Court should require briefing on that legal issue, before the parties were put to the time and expense of a trial. The Court indicated that it may render a decision on the legal issue. Counsel for the parties agreed that briefing would be appropriate.

In the Final Pretrial Order, the Court ordered that the parties file briefs on the legal issue. The Court stated the issue:

> ***Legal Issue: Is it a violation of the automatic stay, under 11 U.S.C. § 362(a)(6) or under any other provision of 11 U.S.C. § 362(a), when the transferee of a pre-petition transfer done through a wage garnishment, which transfer is avoidable under 11 U.S.C. § 547(b), fails to comply, or delays in complying, with a post-petition demand by the bankruptcy debtor for payment of the garnishment amount that was paid pre-petition to the transferee?[3]***

The parties then filed their briefs,[4] which the Court has reviewed.

## IV. Summary judgment standards

Neither party in this case filed a motion for summary judgment, and the deadline for doing so was October 23, 2020. But this Court may consider granting summary judgment "on its own," after "giving notice and a reasonable time to respond," and "after identifying for the parties material facts that may not be genuinely in dispute." *See* Fed. R. Civ. P. 56(f)(3).[5]

As explained above, the potentially dispositive issue before the Court is a legal issue, and the parties do not dispute any material facts. The Court gave the parties adequate notice that the Court may decide the issue before trial, and the parties were given the opportunity to brief the

---

[3] *Id.* at pdf p. 3 (bold and italics in original).

[4] Docket ## 30, 31.

[5] Fed. R. Civ. P. 56 is made applicable in this adversary proceeding by Fed. R. Bankr. P. 7056.

4

issue. The Court now concludes that it should grant summary judgment for the Defendant, under Fed. R. Civ. P. 56(f)(3). Because of the Court's ruling on the legal issue, there is no need for a trial.

In considering whether to grant summary judgment, the Court has applied the generally applicable standards governing summary judgment, which the Court now incorporates by reference from one of its prior opinions in another case, *Schubiner v. Zolman* (*In re Schubiner*), 590 B.R. 362, 376-77 (Bankr. E.D. Mich. 2018).

## V. Discussion

The dispositive legal issue in this case is whether the Defendant's delay in returning the garnished funds that it received pre-petition can be deemed a violation of the automatic stay under 11 U.S.C. § 362(a). The Court concludes that it cannot.

The Debtor relies on two provisions of § 362(a): §§ 362(a)(3) and 362(a)(6). The Debtor alleges that the Defendant violated 11 U.S.C. § 362(a)(6), which, upon the filing of the bankruptcy petition, automatically stays "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." But the Defendant did not do anything, after the bankruptcy petition was filed, to try to collect its claim against the Debtor. At most, the Defendant merely failed or refused, for a time, to undo a collection action it took pre-petition — the wage garnishment that was done and completed pre-petition. That cannot be deemed a violation of § 362(a)(6).

The Debtor also contends that the Defendant violated 11 U.S.C. § 362(a)(3), which automatically stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Citing *TranSouth Fin.Corp. v. Sharon*

5

20-04187-tjt    Doc 36    Filed 12/02/20    Entered 12/02/20 11:58:52    Page 5 of 9

(*In re Sharon*), 234 B.R. 676, 681 (6th Cir. BAP 1999), the Debtor states that "[a] creditor's post-petition refusal to surrender property taken pre-petition constitutes a violation of the automatic stay."[6]

In *Sharon*, a secured creditor repossessed the debtor's car before the debtor filed bankruptcy, and then refused to return the car after the bankruptcy case was filed. The Bankruptcy Appellate Panel determined that the debtor's possessory interest in the car was "part of the bundle of rights that became 'property of the estate' at the [filing of the petition]." *Id.* at 682. The panel held that "[o]nce defined as 'property of the estate,' the statutory consequence under § 362(a) is application of the automatic stay. The Debtor's right to possession of the car was protected by the automatic stay." *Id.* The panel concluded that by refusing to turn the car back over to the debtor, the creditor was "exercising control" over property of the bankruptcy estate, in violation of the automatic stay under 11 U.S.C. § 362(a)(3).[7] *Id.*

*Sharon* is distinguishable from this case. Under 11 U.S.C. § 541(a)(1), the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." In the case of *In re Parham*, No. 16-44233, 2017 WL 3207663 (Bankr. E.D. Mich. July 26, 2017), the court noted the difference between a creditor's post-petition retention of a vehicle that was repossessed pre-petition, on the one hand, and a creditor's post-petition retention of garnished funds received pre-petition, on the other hand:

---

[6] Debtor's Brief (Docket # 30) at pdf p. 2.

[7] The Court notes that the issue of whether the passive retention of property of the bankruptcy estate constitutes a violation of the automatic stay is currently pending before the United States Supreme Court. *See In re Fulton,* 926 F.3d 916 (7th Cir. 2019), cert. granted sub nom. *City of Chicago v. Fulton,* __ U.S. __, 140 S.Ct. 680 (2019). That issue is not before the Court in this case, because as discussed below, the garnished funds at issue in this case were never property of the bankruptcy estate.

6

> [D]ebtors, whose vehicles or other tangible personal property are repossessed before filing bankruptcy, still have an interest in the property until it is sold. However, the Court finds Debtor's interest in the garnished funds was terminated with finality upon [the creditor's] *pre-petition* receipt. The garnished funds were not property of the estate.

*Id.* at * 2 (italics in original).

The Court agrees with *Parham*. The garnished funds received pre-petition by the Defendant were never property of the bankruptcy estate under 11 U.S.C. 541(a)(1), and the automatic stay was not implicated.

The Debtor also argues that the pre-petition garnished funds became property of the bankruptcy estate under 11 U.S.C. § 541(a)(3), which states that property of the estate includes "[a]ny interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title." But the short answer to this argument is that, in this case, the trustee never recovered any property under any of the cited sections. For that reason, § 541(a)(3) clearly does not apply.

The Debtor argues that "the garnished wages become property of the estate **if avoided pursuant to section 547**."[8] The Debtor cites *Parham* for this proposition, but in *Parham* the court found that the garnished funds were not property of the estate under § 541(a)(3). The court noted that the debtor had not filed an adversary proceeding seeking avoidance under § 547(b), "much less [had there been] a judicial determination that all of the elements of a preference were established." *In re Parham*, 2017 WL 3207663 at * 2.

In this case, the garnished funds were transferred to the Defendant pre-petition and, at the

---

[8] Debtor's Brief at pdf p. 2 (emphasis added).

7

20-04187-tjt   Doc 36   Filed 12/02/20   Entered 12/02/20 11:58:52   Page 7 of 9

time the bankruptcy case was filed, belonged to the Defendant. The Defendant's ownership of the funds continued after the Debtor's bankruptcy filing, and would continue unless and until the transfer was actually avoided and recovered, or as in this case, until the Defendant voluntarily returned the funds to the Debtor.

In this case, there was no avoidance under § 547, and there was no recovery under § 550. The avoidance count (Count I) of the Debtor's complaint was dismissed, with the Debtor's consent, and it had become moot in any event when the garnished funds were voluntarily returned by the Defendant. There was no judicial determination that the elements of a § 547 action were established. *See In re Parham*, 2017 WL 3207663 at * 2. Likewise, the count of the complaint seeking recovery under § 550 (Count II) was dismissed, with the Debtor's consent, and also had become moot when the Defendant returned the funds.

There was no avoidance under § 547 and no recovery of any interest in property by the trustee (or anyone else) under § 550. Therefore, the garnished funds never became property of the estate under 11 U.S.C. § 541(a)(3).

The Court's rulings today about §§ 362(a)(6) and 362(a)(3) are further supported by another decision of this Court, *Andrews v. Indirect Purchaser Class* (*In re Andrews*), No. 18-3070, 2019 WL 3331604 (Bankr. E.D. Mich. July 23, 2019). *Andrews* followed *Parham*, and held that:

> [F]unds garnished pre-petition are not property of the estate, and a refusal to return funds garnished pre-petition does not constitute a post-petition enforcement of a judgment or an attempt to control property of the estate.

*Id.* at * 6

## VI. Conclusion

For the reasons stated above, the Court concludes that there is no genuine dispute as to any material fact, and the Defendant is entitled to judgment as a matter of law on the remaining count of the Debtor's Complaint, "Count IV: (Automatic Stay Violation)". The Court will enter a judgment for Defendant.

**Signed on December 2, 2020**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**